NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 07-CV-90-KSF

WILL ROGERS HOWELL                                                             PETITIONER

VS:                     **MEMORANDUM OPINION AND ORDER**

STEPHEN DEWALT, *Warden*                                                 RESPONDENT

Petitioner, Will Rogers Howell, who is currently incarcerated in the Federal Medical Center in Lexington, Kentucky ("FMC-Lexington"), has submitted a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 and has paid the requisite filing fee.

This matter is before the Court for screening.[1] 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

CLAIMS

The petitioner alleges that the Federal Bureau of Prisons ("BOP") has failed to calculate his sentence properly because it is requiring him to serve his 87-month sentence of imprisonment plus an additional 60 months on supervised release, rather than including the 60 months of supervised release as a part of the 87-month sentence.

---

[1] This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action is frivolous or malicious or fails to state a claim upon which relief can be granted.

ALLEGATIONS

In 2001, the petitioner pled guilty to conspiracy to import 100 kilograms or more of marijuana in the U.S. District Court for the Southern District of Florida. As to the sentence imposed therein, he alleges that on February 15th or 19th, 2002, he was sentenced to imprisonment "for a term of 87 months. . . . Upon release from imprisonment, the defendant shall be on supervised release for a term of FIVE years."

Petitioner cites to 18 U.S.C. §3583(a) and *United States v. Granderson*, 511 U.S. 39 (1994), for the proposition that supervised release "is only a component of a sentence that commences with imprisonment," and *United States v. Thorne*, 153 F.3d 130 (4th Cir. 1998), for the holding that "[a] district court's failure to inform a defendant that his sentence will incorporate a term of supervised release . . . is error." Therefore, the petitioner reasons, his 87-month sentence incorporates the supervised release component of 5 years, which is 60 months.

Howell's position herein is that he is entitled to immediate release under the correct calculation, which he describes as follows:

> Petitioner was sentenced to 87 months imprisonment and as part of this sentence . . . 60 months of supervised release. Provided that Petitioner is awarded his good time credit of 13 months, this would leave 74 months as Petitioner's total possible term of imprisonment without subtracting supervised release. . . . Petitioner was to be placed in confinement for up to 14 months at one of the authorized BOP facilities. At the end of this 14 month period, Petitioner was to be placed on supervised release for the next 60 months. If at any point during this 60 months period should Petitioner violate the terms of supervised release, the court is mandated to comply with Title 18 USC § 3583. . . .

Record No. 2. After 14 months of imprisonment, however, Petitioner was not released on supervised release but has been kept imprisoned for the rest of his sentence, including the 60-month portion which he should now be serving on supervised release.

Petitioner Howell complains that so far, he has served 66 months in BOP custody, the first 14 of which were the imprisonment portion of his sentence and the rest of the time he should have been on supervised release, with credit given toward the 60-month term of the supervised release portion of his sentence. Allegedly, by the time of his projected release from prison, December 23, 2008, the petitioner will have served the full 74 months calculated above in prison. However, because the BOP did not credit Petitioner with any time served toward the 60-month portion of his sentence, upon his release from prison on that date, he will be required to tack on service of a full 60 additional months of supervised release.

Petitioner asks this Court to agree that he is currently entitled to be serving the supervised release portion of his 87-month sentence and order his immediate release from prison.

## DISCUSSION

Ordinarily, a federal prisoner must challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. §2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). Section 2241 may be used by a prisoner, in the district in which he is confined, to challenge decisions affecting the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999).

The instant petitioner stresses that his quarrel is not with the sentencing court "but rather with the enforcers of the court's order. Without correction being made from the courts, the BOP is continuously violating every judgment order given in reference to supervised release." To the extent that this Court accepts this allegation as being true and Howell intends only to challenge the BOP's

calculation, he may not proceed in this Court under 28 U.S.C. §2241, however, until and unless he first raises the issue with the BOP and is dissatisfied with that agency's response.

It is well settled that federal prisoners are required to exhaust administrative remedies before filing a habeas corpus petition under 28 U.S.C. §2241. *See Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) (per curiam); *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991); *Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir. 1981) (per curiam); *Hardwick v. Ault*, 517 F.2d 295, 296 (5th Cir. 1975) ("[T]he federal courts have imposed upon federal prisoners the requirement that they `exhaust their administrative remedies in accordance with Bureau of Prisons policy . . . .'"). Moreover, exhaustion of administrative remedies should be implemented to prepare a record. *See Brice v. Day*, 604 F.2d 664 (10th Cir.), *cert. denied*, 444 U.S. 1086 (1980).

The administrative remedies available to inmates confined in Bureau of Prisons institutions are set out in the Administrative Remedy Program, found at 28 C.F.R. §§542.10-.19 (1998). Section 542.13(a) demands that an inmate first informally present his complaint to the staff, thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint, then he may file a formal written request (a BP-9 form) to the Warden. *See* §542.14(a). If the inmate is not satisfied with the Warden's response, he may appeal (BP-10) to the Regional Director, and, if not satisfied with the Regional Director's response, the inmate may appeal (BP-11) to the Office of General Counsel. *See* §542.15 (a) - (b).

The instant petitioner has not alleged or shown that he exhausted the BOP administrative remedy process with regard to the claim herein, and the Court will deny his petition on this ground,

4

the denial to be without prejudice to his bringing it again after proper exhaustion and development of an administrative record for the Court to assess.

## CONCLUSION

Accordingly, **IT IS ORDERED** that Will Rogers Howell's §2241 petition is **DENIED;** this proceeding is **DISMISSED**, without prejudice; and Judgment shall be entered contemporaneously with this memorandum opinion in favor of the respondent.

This May 17, 2007.



Signed By:

<u>Karl S. Forester</u> KSF

United States Senior Judge